UNITED STATES OF AMERICA
MASSACHUSETTS DISTRICT COURT

| | |
|---|---|
| ELISE ADLER,<br><br>Plaintiff,<br><br>v.<br><br>SANTANDER HOLDINGS USA, INC.<br>d/b/a SANTANDER BANK N.A.<br><br>Defendant. | CIVIL ACTION NO.: 1:22-CV-10693<br><br>**COMPLAINT AND JURY DEMAND** |

## COMPLAINT

### Introduction

This Complaint is filed by the Plaintiff, Elise Adler, seeking monetary relief from the Defendant, Santander Holdings USA, Inc d/b/a Santander Bank N.A. Plaintiff files this Complaint in response to the Defendant's violation of rights guaranteed to her under the Age Discrimination in Employment Act for discrimination based on Age. The Defendant's discriminatory practices caused Plaintiff's termination. The Defendant then hid its discriminatory conduct by withholding protections, which are designed to prevent age discrimination in employment programs, guaranteed to older workers by the Older Workers Benefit Protection Act. For the reasons stated, Plaintiff seeks damages and liquidated damages for Defendant's willful conduct.

### Parties

1. The Plaintiff, Elise Adler *(hereinafter,* "Plaintiff"), is a fifty-nine-year-old, female, residing at 16 Black Rock Dr., Hingham, Massachusetts 02043.

2. Defendant, Santander Holdings USA, Inc. d/b/a Santander Bank N.A. (*hereinafter*, "Defendant") is a Virginia Corporation with a principal office located at 625 Ridge Pike Building E, Floor 2, Suite 207, MC: PA-CON-LG2, Conshohocken, PA 19428.

## Jurisdiction and Venue

3. Plaintiff brings this civil suit under The Age Discrimination in Employment Act (*hereinafter*, "ADEA"), 29 U.S.C. § 623.

4. This Court has subject matter jurisdiction over the parties and this action pursuant to 28 U.S.C. § 1331, as the instant action arises under the Constitution and laws of the United States.

5. Venue is proper in the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to the claim occurred within this judicial district.

6. On or about May 13, 2021, Plaintiff filed a charge of discrimination with the Equal Opportunity Employment Commission (*hereinafter*, "EEOC").

7. On or about February 10, 2022, the EEOC issued Plaintiff a right to sue letter. *See* Exhibit A.

## Facts

8. In or around April 2017, Plaintiff began working for the Defendant.

9. In 2020, Defendant employed Plaintiff in the position of Director, Head of Commercial Credit Training Program in the Commercial Banking Division.

10. The Credit Training Program (*hereinafter*, "CCT") was/is a one-year training program for recent college graduates. After completing CCT, the employees were placed in new roles within the Defendant's Commercial Banking Division.

11. In or around late 2017, Plaintiff overheard an Executive Manager remark, in regards to the creation of the CCT program, that "there are too many old people around here".

12. A Human Resources Executive told Plaintiff of the Defendant's plan to terminate an employee in the Commercial Real Estate department, which was/is part of the Commercial Banking Division, because the employee was "older and sick". Upon information and belief, the employee in question had been diagnosed with a form of cancer.

13. On or about the last week of July 2020, Plaintiff was notified that she was impacted by a Reduction in Force (*hereinafter*, "RIF").

14. Upon information and belief, the Human Resources Executive identified in Paragraph 12 above was involved in and/or contributed to the RIF decision-making process.

15. Plaintiff was fifty-seven years old in July 2020.

16. The Defendant did not eliminate the CCT program. After Plaintiff's termination, CCT employees reported directly to Donna Cleary who upon information and belief, was in her late 30s or early 40s.

17. When Plaintiff was impacted by the RIF, Defendant provided Plaintiff with a severance agreement.

18. The severance agreement received by the Plaintiff provided her twenty-one (21) days to consider the agreement.

19. The severance agreement did not identify the actual decisional unit.

20. The severance agreement did not provide a list of the ages and positions or job titles of the employees considered and selected for the RIF.

21. The severance agreement did not identify the selection criteria or eligibility for the RIF.

22. Prior to the expiration of the 21-day consideration period, the Plaintiff signed the severance agreement.

23. Santander's self-defined "business rationale" for the RIF was that the "Commercial Banking [Division] is conducting a review of its functional areas. . . ".

24. In its EEOC submission, the Defendant identified twelve employees impacted by the RIF in the Commercial Banking Division. Plaintiff was one of the twelve individuals identified.

25. Defendant subdivided the Commercial Banking Division into eight separate decisional units. As a result, five of the twelve individuals impacted by the RIF in the Commercial Banking Division were the only individuals impacted in their respective decisional units. Upon information belief, four of these individuals, including the Plaintiff, were over the age of 40 and received a severance offer from the Defendant that did not allow for forty-five (45) days to consider the offer, did not identify the actual decisional unit, did not provide a list of the ages and positions or job titles of the employees considered and/or selected for the RIF, and/or did not identify the selection criteria or eligibility for the RIF.

26. Plaintiff was one of three individuals terminated during the RIF for whom Patrick Dunphy was the decisionmaker.

27. Defendant subdivided individuals for whom Patrick Dunphy was the decisionmaker into three separate decisional units. As a result, all three of the individuals impacted by the RIF for whom Patrick Dunphy was the decisionmaker were the only individuals impacted in their respective decisional units. Upon information belief, two of these individuals, including the Plaintiff, were over the age of 40 and received a severance offer from the Defendant that did not allow for 45 days to consider the offer, did not identify the actual

decisional unit, did not provide a list of the ages and positions or job titles of the employees considered and/or selected for the RIF, and/or did not identify the selection criteria or eligibility for the RIF.

28. Plaintiff was one of two individuals terminated from the Portfolio Management, Underwriting and Strategy Department, a subdivision of the Commercial Banking Division.

29. Defendant subdivided individuals in the Portfolio Management, Underwriting and Strategy Department into two separate decisional units. As a result, both of the individuals in the Portfolio Management, Underwriting and Strategy Department impacted by the RIF were the only individuals impacted in their respective decisional units. Upon information belief, both of these individuals, including the Plaintiff, were over the age of 40 and received a severance offer from the Defendant that did not allow for 45 days to consider the offer, did not identify the actual decisional unit, did not provide a list of the ages and positions or job titles of the employees considered and/or selected for the RIF, and/or did not identify the selection criteria or eligibility for the RIF.

30. The RIF was an employment program under the Older Workers Benefit Protection Act (*hereinafter*, the "OWBPA") and the actual decisional unit was the Commercial Banking Division.

31. Upon information and belief, nine of the twelve individuals terminated as part of the RIF were over the age of 40 and six of the twelve individuals terminated were over the age of 55.

32. Upon information and belief, three of the individuals terminated as part of the RIF were in there 20s.

5

33. Prior to her termination, Plaintiff was told all three of the younger employees (i.e., those believed to be in their 20s) would be terminated due to poor performance and not as the result of a RIF.

34. Plaintiff learned of the Defendant's plan to fire the younger employees based on performance because of her job duties as the Program Manager of the Commercial Credit Training Program.

35. Upon information and belief, Defendant misclassified the three younger employees as being impacted by the RIF to skew the demographics of the RIF so as to include more than just those workers over the age of 40.

36. Based on the demographics of the individuals who were impacted by the RIF, the Defendant did not treat age neutrally during the RIF.

37. Based upon information and belief, the RIF impacted more people than just the twelve individuals identified in the Defendant's submission to the EEOC.

38. Upon information and belief, the Defendant did not identify a Managing Director who was over the age of forty and in the Commercial Banking Division and who received a severance agreement as part of a RIF within six months of Plaintiff receiving notice of her termination.

39. Upon information and belief, the Defendant did not identify a Senior Vice President who was over the age of forty and in the Commercial Banking Division and who received a severance agreement as part of a RIF within six months of Plaintiff receiving notice of her termination.

40. Defendant's severance agreement failed to comply with the OWBPA by failing to provide the Plaintiff with 45 days to consider the severance agreement.

41. Defendant's severance agreement failed to comply with the OWBPA by failing to identify the actual decisional unit for the RIF.

42. Defendant's severance agreement failed to comply with the OWBPA by failing to provide a list identifying the ages and positions or job titles of the employees considered for the RIF.

43. Defendant's severance agreement failed to comply with the OWBPA by failing to identify the selection criteria or eligibility for the RIF.

44. As a result of the Defendant's failure to comply with the OWBPA, the Plaintiff's waiver of her claims under the ADEA was not knowing and voluntary.

## Count I

**Discrimination Based on Age in Violation of the Age Discrimination in Employment Act**

1. Plaintiff hereby restates and re-alleges all previously stated paragraphs as if fully set forth herein.

2. Plaintiff was fifty-seven when terminated and in a protected class as identified by the ADEA.

3. Plaintiff could perform the functions of her job.

4. Defendant took adverse employment action against the Plaintiff by terminating her employment.

5. The adverse actions taken by Defendant against the Plaintiff were in part or in whole motivated by her age.

6. As a result of the Defendant's willful violation of the ADEA, Plaintiff has suffered and continues to suffer harm.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and order the Defendant:

    a. Pay remuneration for Back Pay, Future Pay, Lost Benefits, Costs, Interest, Attorney's Fees, and any other remuneration this Court deems fit; and

    b. An award of liquidated damages for Defendant's willful conduct.

Dated: May 6, 2022

Respectfully Submitted,
By the Plaintiff, through her attorney,

John Koury, Esq. (BBO# 694088)
Upper Charles Law Group, LLC
81 Hartwell Avenue, #101
Lexington, MA 02421
(617) 600.7150 | P
(781) 444.2461 | F
jkoury@uclawgroup.com